# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2024 WY 89

*April Term, A.D. 2024*

__August 21, 2024__

| | |
|---|---|
| **BOARD OF BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,**<br><br>Petitioner,<br><br>v.<br><br>**SAMUEL W. CANTRELL, WSB #6-3754,**<br><br>Respondent. | D-24-0003 |

## ORDER OF DISBARMENT

[¶ 1]   **This matter** came before the Court upon the Board of Professional Responsibility's Report and Recommendation for Disbarment, filed herein August 7, 2024, pursuant to Rules 9, 12 (Stipulated Discipline), and 16 of the Wyoming Rules of Disciplinary Procedure.  After a careful review of the Report and Recommendation and the file, the Court finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Samuel W. Cantrell should be disbarred.  It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Disbarment, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3]   **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Disbarment, Respondent Samuel W. Cantrell shall be, and hereby is, disbarred, effective immediately; and it is further

[¶ 4]   **ORDERED** that Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21 of those rules.  That rule governs the duties of disbarred and suspended attorneys; and it is further

[¶ 5]   **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Respondent shall pay the Wyoming State Bar the amount of $50.00, which represents some of the costs incurred in handling this matter, as well as pay administrative fees of $750.00.  Respondent shall pay the total amount of $800.00 to the Wyoming State Bar on or before September 3, 2024.  If Respondent fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶ 6]   **ORDERED** that the Clerk of this Court shall docket this Order of Disbarment, along with the incorporated Report and Recommendation for Disbarment, as a matter coming regularly before this Court as a public record; and it is further

[¶ 7]   **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Disbarment, along with the incorporated Report and Recommendation for Disbarment, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 8]   **ORDERED** that the Clerk of this Court cause a copy of this Order of Disbarment to be served upon Respondent Samuel W. Cantrell.

[¶ 9]   **DATED** this 21st day of August, 2024.

BY THE COURT:

/s/

**KATE M. FOX**
**Chief Justice**

**BEFORE THE SUPREME COURT**

**STATE OF WYOMING**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

AUG 0 7 2024

SHAWNA GOETZ, CLERK

by DEPUTY

| | | |
|---|---|---|
| *In the matter of* | ) | |
| *SAMUEL W. CANTRELL* | ) | |
| *WSB # 6-3754,* | ) | *BPR No. 2024-015* |
| | ) | |
| *Respondent.* | ) | **D-24-0003** |

## REPORT AND RECOMMENDATION FOR DISBARMENT

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via videoconference call on the 25th day of July, 2024 for consideration of the parties' Stipulation for Disbarment pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the call were Review Panel members Honorable John C. Brooks (Chair), Kylie Waldrip and Tandy Dockery. Melinda S. McCorkle, Deputy Bar Counsel, appeared on behalf of the Wyoming State Bar. Respondent Samuel W. Cantrell appeared on his own behalf. The Review Panel having reviewed the Stipulation, the supporting Affidavit and being fully advised in the premises, finds, concludes and recommends:

### Findings of Fact

1.      Respondent Samuel W. Cantrell was admitted to the Wyoming State Bar in 2003. At the time that the events below occurred, Respondent was employed as general counsel for a company in Utah.

2.      The present case stems from Mr. Cantrell's guilty plea to two counts of sexual abuse. On July 15, 2021, a Felony Information was filed in the District Court of the Second Judicial District in and for the County of Davis, State of Utah, against Respondent alleging three counts of felony and misdemeanor violations by Respondent pertaining to allegations of sexual assault or conduct involving a minor.

3. On October 23, 2023, in the District Court of the Second Judicial District in and for the County of Davis, State of Utah, pursuant to a written plea agreement, Respondent pled guilty to two counts of forcible sexual abuse, a second-degree felony.

4. On October 24, 2023, the Court entered its Sentence, Judgment and Commitment in which Respondent was sentenced to a term of 180 days in the Davis County Jail in Farmington, Utah and 48 months' probation to commence immediately. *See* Exhibit A. The Court imposed several other conditions as identified on pages 2-3 of Exhibit A. The counts identified in the Felony Information were dismissed.

5. On or about October 24, 2023, Respondent self-reported that he had pled guilty to the foregoing crimes.

6. A felony is a serious crime as defined in Rule 18(e), Wyo.R.Disc.Proc.

7. Respondent has not practiced law since pleading guilty to the felonies stated above.

8. On February 5, 2024, Respondent was suspended from the practice of law in Wyoming for failing to pay license fees.

9. Respondent acknowledges that the Wyoming Rules of Professional Conduct provide, "A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs." Preamble, note [5].

10. Respondent has conditionally admitted that the convictions of forcible sexual abuse as set forth above violate Wyo.R.Prof.Cond. Rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer).

2

11. The rule violation to which Respondent has conditionally admitted is supported by clear and convincing evidence in the record before the Review Panel. The Review Panel has received and reviewed the Sentence, Judgment and Commitment reflecting the crimes to which Respondent pled guilty. *See* WRDP 18(a):

> *Proof of Conviction.* Except as otherwise provided by these rules, a certified copy of the judgment of conviction from the clerk of any court of criminal jurisdiction indicating that an attorney has been convicted of a crime in that court shall conclusively establish the existence of such conviction for purposes of disciplinary proceedings in this state and shall be conclusive proof of the commission of that crime by the attorney.

12. In Respondent's case, the following aggravating factors are present: (h) vulnerability of the victim and (k) illegal conduct. The parties stipulate that the following mitigating factors are present: (a) absence of a prior disciplinary record; (c) personal or emotional problems; (e) full and free disclosure to Deputy Bar Counsel and a cooperative attitude toward these disciplinary proceedings; and (k) imposition of other penalties or sanctions.

13. In consideration of Respondent's convictions of serious crimes as defined in Rule 18(e), Wyo.R.Disc.Proc, the Review Panel finds that disbarment is the appropriate sanction in this case.

14. If the Court issues an Order of Disbarment in accordance herewith, Deputy Bar Counsel and Respondent agree to the following press release:

> The Wyoming Supreme Court has issued an order disbarring attorney Samuel W. Cantrell from the practice of law. The disbarment resulted from Cantrell's guilty plea to two second-degree felony counts of forcible sexual abuse stemming from charges in the District Court of the Second Judicial District in and for the County of Davis, State of Utah. Cantrell was sentenced to a term of 180 days in the Davis County Jail in Farmington, Utah, 48 months' probation, and other conditions delineated in the Sentence, Judgment and Commitment. After the sentence was entered, Cantrell was suspended from the practice of law in Wyoming for failure to pay license fees.

3

In stipulating to disbarment, Cantrell admitted that his conduct violated Rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) of the Wyoming Rules of Professional Conduct. The Board of Professional Responsibility approved the stipulation and recommended it to the Court, which accepted the Board's recommendation. In addition to being disbarred, Cantrell was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

## Conclusions of Law

15.    The Preamble, note [5] of the Wyoming Rules of Professional Conduct provides,

"A lawyer's conduct should conform to the requirements of the law, both in professional service

to clients and in the lawyer's business and personal affairs."

16.    Wyo.R.Prof.Cond. Rule 8.4(b) states in pertinent part:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to:

> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

17.    Rule 18(a), Wyo.R.Disc.Proc. states:

*Proof of Conviction.* Except as otherwise provided by these rules, a certified copy of the judgment of conviction from the clerk of any court of criminal jurisdiction indicating that an attorney has been convicted of a crime in that court shall conclusively establish the existence of such conviction for purposes of disciplinary proceedings in this state and shall be conclusive proof of the commission of that crime by the attorney.

18.    Rule 18(f), Wyo.R.Disc.Proc. states:

*Conviction Defined.* The term conviction as used in these rules shall include any ultimate finding of fact in a criminal proceeding that an individual is guilty of a crime, whether the judgment rests on a verdict of guilty, a plea of guilty, or a plea of nolo contendere, and irrespective of whether entry of judgment or imposition of sentence is suspended or deferred by the court.

4

19. Rule 18(e), Wyo.R.Disc.Proc. states:

(a) *Serious Crime Defined.* The term serious crime as used in these rules shall include:

    (1) Any felony; and

    (2) Any lesser crime a necessary element of which, as determined by its statutory or common law definition, involves interference with the administration of justice, false swearing, misrepresentation, fraud, willful extortion, misappropriation, or theft; or an attempt or conspiracy to commit such crime; or solicitation of another to commit such crime.

20. Rule 15(b)(3)(D), W.R.D.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:"

1. Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;
2. Whether the lawyer acted intentionally, knowingly, or negligently;
3. The amount of the actual or potential injury caused by the lawyer's misconduct; and
4. The existence of any aggravating or mitigating factors.

21. <u>First Factor: The Duty Violated.</u> Violations of Rule 8.4(b) falls within the heading "Violation of Duties Owed to the Public," more specifically, "Failure to Maintain Personal Integrity" (Standard 5.1) for which Respondent conditionally admits disbarment is the presumptive sanction:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit or misrepresentation:

5.11 Disbarment is generally appropriate when:
    (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion,

5

misappropriation, or theft; or the sale distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of any other commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously reflects on the lawyer's fitness to practice.

5.13 Reprimand [in Wyoming, public censure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

5.14 Admonition [in Wyoming, private reprimand] is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law.

22. Respondent conditionally admits that he engaged in serious criminal conduct in committing the crime for which he was convicted. Although the serious criminal conduct in which Respondent engaged is not expressly outlined in Section 5.11, the parties agree, and the Panel so finds, that disbarment is the appropriate sanction due to the nature of the criminal conduct and the vulnerability of the victim.

23. Second Factor: The Lawyer's Mental State. The Preface to the ABA Standards includes the following discussion regarding mental state:

The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

24. Third Factor: Actual or Potential Injury. Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a

6

lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

25. <u>Fourth Factor: Aggravating and Mitigating Factors.</u> ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1    *Generally*
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2    *Aggravation*
    9.21    *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
    9.22    *Factors which may be considered in aggravation.* Aggravating factors include:
        (a) prior disciplinary offenses;
        (b) dishonest or selfish motive;
        (c) a pattern of misconduct;
        (d) multiple offenses;
        (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
        (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
        (g) refusal to acknowledge wrongful nature of conduct;
        (h) vulnerability of the victim;
        (i) substantial experience in the practice of law;
        (j) indifference in making restitution; and
        (k) illegal conduct, including that involving the use of controlled substances.

9.3    *Mitigation.*
    9.31    *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.
    9.32    *Factors which may be considered in mitigation.* Mitigating factors include:
        (a) absence of a prior disciplinary record;
        (b) absence of a dishonest or selfish motive;
        (c) personal or emotional problems;

(d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the practice of law;

(g) character or reputation;

(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:

(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

(2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4    *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

## Recommendation

In consideration of the foregoing findings of fact and conclusions of law, the Review Panel recommends as follows:

1.      That Respondent be disbarred for violating Rule 8.4(b), W.R.Prof.Cond.

2.      That, upon issuance of the order of disbarment, the foregoing press release may be issued.

8

3.     That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this 30 day of July, 2024.

_____
Honorable John C. Brooks, Chair
Review Panel of the Board of Professional
Responsibility
Wyoming State Bar